IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| ROBIN CHESTNUT, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| | : | |
| v. | : | No. 3:19-CV-21 (CAR) |
| | : | |
| CHOICE HOTELS INTERNATIONAL,| : | |
| INC.; DUKE HOSPITALITY, LLC; | : | |
| K&D MANAGEMENT, LLC; KUKK, | : | |
| LLC; and JOHN DOES #3-5; | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

## ORDER ON JOINT MOTION TO REMAND

Before the Court is the parties' Joint Motion to Remand this premises liability action to the State Court of Athens-Clarke County, Georgia. Plaintiff filed this action on January 21, 2019, in the State Court of Athens-Clarke County seeking damages from an alleged trip and fall due to Defendants' negligence and negligence per se in maintaining its premises. Defendants removed the action to this Court on February 22, 2019, pursuant to the Court's diversity jurisdiction, and six days later, on February 28, 2019, the parties filed the Joint Motion to Remand currently before the Court.

Although the Court does not have discretion to remand a properly removed action simply because both parties consent to remand,[1] the Court must remand a case it lacks

---
[1] *See Mitchell & Shapiro LLP v. Marriott Int'l, Inc.*, No. 1:08-CV-1180-JTC, 2008 WL 11337750, at *1 (N.D. Ga. May 28, 2008) (citing *In re City of Mobile*, 75 F.3d 605, 607-08 (11th Cir. 1996) (denying joint motion to remand with

jurisdiction to consider.[2] In their Motion, the parties all agree that Defendants are not the proper parties to this action. They further agree the proper defendant is a Georgia corporation and once formally substituted will destroy diversity of citizenship between the parties and thus this Court's jurisdiction to consider the case. They ask the Court to remand this case to state court so that the parties can substitute the proper parties and transfer the case to the proper venue. Because this Court will lack jurisdiction over this case once the proper defendant is named, the parties' Joint Motion to Remand [Doc. 5] is **GRANTED**. Pursuant to 28 U.S.C. § 1447(c), the case is hereby **REMANDED** to the state forum for further proceedings. The Clerk of the Court is hereby **DIRECTED** to forward a certified copy of this Final Order of Remand to the Clerk of the State Court of Athens-Clarke County, Georgia, Civil Action No. ST19CV0028.

**SO ORDERED,** this 10th day of March, 2019.

S/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

no argument or citation to authority as improper, as "[t]he Court's discretion to remand a case involving a properly removed federal claim is narrow and limited by statute."), *order vacated on reconsideration on other grounds*, No. 1:08-CV-1180-JTC, 2008 WL 11337749 (N.D. Ga. June 20, 2008). *See also Buchner v. F.D.I.C.*, 981 F.2d 816, 820 (5th Cir. 1993)(citing *Thermtron Prods. v. Hermansdorfer*, 423 U.S. 336, 345 (1976) ("The rule established by *Thermtron* is that a district court exceeds its authority if it remands a case on grounds not expressly permitted by the controlling statute.").

[2] *See* 28 U.S.C. § 1447(c).